THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DOUGLAS SCHELIN,<br><br>     Plaintiff,<br><br>v.<br><br>MIKE HADDON et al.,<br><br>     Defendants. | **MEMORANDUM DECISION &**<br>**ORDER DENYING MOTION FOR**<br>**RELIEF FROM JUDGMENT**<br><br>Case No. 2:21-cv-00568-JNP<br><br>District Judge Jill N. Parrish |

  On August 16, 2022, the Court required Plaintiff to cure his deficient Amended Complaint by filing a second amended complaint. (ECF Nos. 7, 9.) During the next seventeen months--including time extensions and two orders to show cause why the case should not be dismissed for failure to prosecute--the Court never received a second amended complaint. (ECF Nos. 10-16.) Thus, on January 10, 2024, the Court dismissed this action without prejudice for failure to prosecute.  (ECF No. 18.)

  On March 8, 2024, Plaintiff filed a "Motion to Reconsider Dismissal of Amended Complaint or Appeal." (ECF No. 21.) He asserts that he mailed the second amended complaint to the Court on November 19, 2023 and "his complaint was stamped on Feb 15 2024 after the dismissal decision made on 1-10-24 see Certificate of Mailing." (*Id.*) However, Plaintiff provides no documentation or evidentiary support of these assertions.

### MOTION FOR RELIEF FROM JUDGMENT

  The Court interprets Plaintiff's motion as a request for relief from judgment under Federal Rule of Civil Procedure 60(b). Federal Rule of Civil Procedure 60(b) states in relevant part, "On

motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons [of] mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). Perhaps Plaintiff's assertions fall under the category of "surprise," because he expected that the Court had received the second amended complaint he says that he timely sent, yet the case was still dismissed for his failure to send the second amended complaint. However, it remains true that there is no second amended complaint on the docket, whether filed timely or late. Further, Plaintiff has not supported his motion with documentation--e.g., a copy of the second amended complaint he says he drafted, evidence of mailing, or proof that his second amended complaint "was stamped on Feb 15 2024." (ECF No. 21.) This lack of support for Plaintiff's assertions is fatal to his motion for relief from the judgment.

### ALTERNATIVE MOTION FOR TIME EXTENSION FOR NOTICE OF APPEAL

Plaintiff goes on to make the following request:

> If dismissal decision is not lifted I would like to petition the court to accept my decision to appeal the dismissal order. This dismissal notice was received on Feb 27 2024 at the Utah State Prison as per mail form receipt No. F026985 37 days after dismissal decision. Please apply standard mail box rule. . . . this motion was sent 1st class mail on 3/4/24.

(*Id.*) The Court construes this as a notice of appeal as to the dismissal order. (ECF Nos. 18, 21.)

The timely filing of the notice of appeal in a civil case is both mandatory and jurisdictional. *See Bowles v. Russell*, 551 U.S. 205, 209 (2007). In a civil case, a notice of appeal is due within thirty days after the entry of the judgment appealed from. Fed. R. App. P. 4(a)(1)(A). Thus, here, because the dismissal order was entered on January 10, 2024, Plaintiff had until February 9, 2024, to file his notice of appeal. To give Plaintiff the benefit of the doubt, for this Order only, the Court accepts Plaintiff's statement that he filed his "notice of appeal"

(under the "standard mail box rule")[1] on March 4, 2024. (ECF No. 21.) Under Plaintiff's version of the timeline, then, his notice of appeal was twenty-four days late.[2]

With a generous interpretation, Plaintiff's alternative motion for appeal of the dismissal decision may also be read as requesting a time extension for his notice of appeal. (*Id.*) It is true that a district court may extend the time for filing of a notice of appeal upon a showing of "excusable neglect or good cause," if a party moves for an extension no later than thirty days after the appeal time has expired. Fed. R. App. P. 4(a)(5)(A). And Plaintiff's motion was filed within thirty days after the appeal time expired. (ECF No. 21.)

> The factors relevant to an excusable-neglect decision include "the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *City of Chanute[ v. Williams Natural Gas Co., 31 F.3d 1041,]* 1046 [10th Cir. 1994] (quotation omitted). The time for taking an appeal should not be extended in the "absence of circumstances that are unique and extraordinary." *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 370 (10th Cir. 1974) (quotation omitted).
> The concept of good cause "take[s] account of a narrow class of cases in which a traditional 'excusable neglect' analysis would be inapposite." *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000). Good cause comes into play "in situations in which there is no fault--excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5) advisory committee's note (2002 Amendments).

*Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (footnote omitted).

---

[1] "The prison mailbox rule . . . holds that a *pro se* prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005).

[2] It should be noted that implicit in Plaintiff's timeline is his mistaken belief that he could appeal thirty days from the date he allegedly received the judgment, not thirty days from entry of the judgment--like Rule 4(a) says. (ECF No. 21.)

But, even if Plaintiff's motion is construed to request a time extension for his notice of appeal, it contains no arguments or analysis that even hint at the above factors relevant to an excusable-neglect or a good-cause decision. He further suggests no circumstances that are "unique and extraordinary." *Id.* And beyond Plaintiff's failure to provide arguments and analysis in support of his request, he offers no documentation or evidence to corroborate his alleged timeline. The Court thus declines to extend his time for appeal.

**IT IS ORDERED** as follows:

(1) Plaintiff's motion for relief from judgment is **DENIED**. (ECF No. 21.)

(2) Plaintiff's motion for a time extension in which to file his notice of appeal is **DENIED**. (ECF No. 21.)

(3) This action remains closed.

DATED February 24, 2025.

BY THE COURT:

_____
JUDGE JILL N. PARRISH
United States District Court